May it please the Court, I'm Enid Harris and I represent Robert Jenkins. I'd like to reserve three minutes for rebuttal. Yes, thank you, Ms. Harris, that's fine. I assume, as you said at the beginning, that you have all read the briefs and so forth, so I won't belabor the point. Mr. Jenkins. We're talking about another mistake here, are we not? We certainly are. Okay. Lots of mistakes. You may want to distinguish your kind of mistake from the last kind of mistake we just heard. Would you like me to launch right into that or just give a little background? Yes, I think that'd be good. I mean the the crux of our argument is that Mr. Jenkins should be entitled to equitable tolling of the time limit for filing his case because he meets the two requirements for doing that. There were extraordinary circumstances that impeded his ability to meet that time limit or at the very least to understand what the time limits were, and he exercised due diligence in light of those extraordinary circumstances. Specifically, the extraordinary circumstances here were Mr. Jenkins, when the Superior Court denied or affirmed the denial of his PCRA petition, they also allowed his attorney to withdraw. At the same time, the jailhouse lawyer who was helping him also was transferred someplace else. Mr. Jenkins realized that he had to file a he knew he had to do that. Could you help me out in one thing? The focus of your briefing is on equitable tolling. Yes. But that wasn't the District Court's decision. As I understand his decision, it focused on statutory tolling. That's correct. Should we disregard now the District Court rationale and just focus on your equitable tolling argument? I think you should, Your Honor. The District Court... Even if we like his decision more? Pardon me? Even if we like the District Court's decision more? Even if you like it more. Okay. Equitable tolling is what we should focus on. I believe so, Your Honor. The only... I owed of an have that the petition or that something was timely filed is that mistake I was talking about. When Mr. Jenkins' motion, which was a motion that he would have more time to file a petition for allowance. The December 2nd motion. I beg your pardon? The December 2nd motion. That's correct, Your Honor. And the December 2nd motion was filed prior to the time having expired to file a full motion on the merits. That's correct, Your Honor. And isn't there... aren't there case... aren't there case... isn't there one case after another in Pennsylvania that, not withstanding what might seem to be the law, accepts that a person may make that implication? And therefore, how do we know the basis for the Supreme Court denying it? Now, we don't know that, do we? All we know is that the court denied that motion. I would agree with that, Your Honor. Yes. Maybe it was ruling on the merits. Maybe it thought there's nothing to this. Maybe it thought we shouldn't grant him leave. But I can't understand why, because if that motion was timely... Yes. You're timely. That's correct, Your Honor. And laying aside equitable tolling, you don't need it, because you're timely under the statute. The way I saw it. Your Honor, I would agree with that completely and I'll adopt that as one of my The reason I maybe second-guess myself is that motion was docketed as a petition for allowance of appeal, but on December 29th, 2007... Is that like asking the court for permission to file an appeal? The motion for leave to file a petition for leave to appeal? Is that's the argument that Mr... It doesn't even sound like an appeal. It sounds like you want to ask the court to let you file an appeal at a time. And that, as I said, that's why I would agree that it's probably not a properly filed motion or petition for allowance of appeal. But properly filed, it wasn't properly filed in the sense of enough copies. But was it an improperly filed motion? Because the motion could have been granted. It wasn't late. It wasn't after the time had expired. Nook Pro Tonk. I mean, he captioned it wrong, because it wasn't Nook Pro Tonk. He was only asking for an extension of time. And we get things in here all the time. Nook Pro Tonk means after the event. I'll give you a personal thing. When I went to law school, you had to clerk in Pennsylvania. I didn't do it. I got a job in the summer. They sent me something to apply. Apparently, I should have registered before I went to law school. Nook Pro Tonk. First time I ever heard the expression. So that's when I found out what Nook Pro Tonk... It was late. It was too late, but they granted the motion. So... But so, I mean, that's... I mean, it wasn't Nook Pro Tonk. It was timely. Now, if he filed it after the date, and he needed it to be retroactive, we get applications all the time for extensions of time to do things, so does the district court. But they're not Nook Pro Tonk if they're before the time runs. I suspect that Mr. Jenkins put the words Nook Pro Tonk in to make it more important sounding. I don't know what he was asking. I mean, at first blush, you might think that, but when you read Mr. Jenkins's motion, he knew what he was asking for. He was basically saying the district court granted a Turner Finley motion when it dismissed my PCRA and it released my appointed counsel under Turner Finley. And I don't think, because my jailhouse lawyer is being transferred, I don't think I can get this petition for allowance of appeal filed within 30 days, and I'd like you to give me more time. And in April, they sent him a letter and said, sorry, we can't give you more time. Isn't that what happened? I mean, he was pretty, he knew what he was doing. He knew what he was asking for. Whether he had the right to ask for that or the rules permitted him to ask for that, he knew what he was asking for. That's true. The problem, though, and I assume Mr. Rob Searle will bring that up, is he knew what he was asking for, but the rules did not permit the Pennsylvania Supreme Court to give that extension. You know, it's funny. I had some research done on this. I got case after case where they do, the courts in Pennsylvania, do grant those extensions. Either that or I've been misled, which I doubt. Well, I have a whole footnote in a memorandum of cases where it was granted, notwithstanding. Ms. Harris, here's, I think, a key point for your client. Did the state court in this similar case say that this motion or such a motion was untimely? No. No. Not that I could find. In fact, the motion was timely. I think you said it before. The motion was timely. The question is, was there an appeal filed in the case? Whether it was a properly filed document, such as to toll the habeas statute of limitations. Was there ever an appeal filed in this case? He filed a motion to then file an appeal at a time. To file a petition for allowance of appeal. He did have an appeal that went through the Superior Court. Right. Right. How about in the Pennsylvania Supreme Court? In the Pennsylvania Supreme Court, and I believe you were the one that mentioned it, no, Judge Greenberg, we don't know, ultimately, why they denied his motion. Maybe they did deny it for reasons that would not negate the fact that he filed it in a timely manner. Was he led astray by The main extraordinary circumstance is that this motion was docketed on their aliquotter doc. He received correspondence from the Pennsylvania Supreme Court with an aliquotter docket number on it that said the only, you have some deficiencies with your filing. Those being you have to pay us $53.50 or prove that you have IFP status and we need three more copies of your motion. They did not say this is not properly filed as a petition for allowance of appeal. They did not say you have to do something else to hold your place in the record. The information he was getting from the Supreme Court, in particular the clerk of the Supreme Court, he understood that he was doing everything necessary to All right. How do we conclude that the district court got it wrong? Well, the district the district court did not address equitable tolling because they it was not addressed in the briefs before. This is a statutory. Right. I've been listening especially to you, Judge Greenberg, and I would say you can conclude that the district court was wrong because there are cases where given extensions of time. I could not find it specifically in this circumstance but certainly, yes, there are cases where the Pennsylvania Supreme Court has given a party more time to file a petition for allowance. Do you think we could reverse the district court and statutory tolling? I think you can, yes. Okay. I think you can also reverse them on equitable tolling. It used to be in Pennsylvania that they had a rule that, you know, precluded seeking review but then the court, although I know it's treated from that, sort of set it aside. The Supreme Court said, well, there's an overriding factor in a death penalty case that supersedes this so they don't always follow exactly what seems to be written and they said they wouldn't do that anymore. That's true and it's not just in criminal cases or death penalty cases. For a number of years, as the court is no doubt aware, I'm thinking because of death penalty cases, there were a number of state decisions that would sometimes tell people that something wasn't timely filed, sometimes not, and because these rules were not consistently applied, there could not be basically a procedural default because the parties did not comply with those rules. You saved time for rebuttal, I believe. Yes, I did. Thank you, Ron. Mr. Ramsoura. May it please the court, my name is Dwayne Ramsoura. I'm from the York County District Attorney's Office and I represent the appellees in this matter. I guess I'll first start off with statutory tolling, your honors. With respect to this case, this case, the district court got it correct whenever they denied the defendant's, or excuse me, the appellant's federal habeas petition because the petition for allowance of appeal that was filed with the Pennsylvania Supreme Court was not a petition for allowance of appeal. In essence, what it was was a motion to request the court grant or appoint the defendant, excuse me, appoint the appellant an attorney because the Pennsylvania Supreme Court granted his PCRA counsel's motion to withdraw. That was part of it, but there was another part to it. That is absolutely correct, your honor. The second part of that motion was to extend the time period for him to file a petition for allowance of appeal. The issue with respect to this case, your honor, is the defendant did not run out of time to file his petition for allowance of appeal on the merits. May I ask you one thing? Did he ever get a response to that request to extend the time to file an appeal? No, your honor. The response of the defendant, or the appellant received, was the denial letter that the Supreme Court sent him after they received their amount, the correct amount for filing the petition for allowance of appeal. So while that matter was pending, why couldn't that period be told? Why didn't the district court told that period? Well, that, it could not be told because it wasn't a properly filed petition for allowance of appeal. The petition for allowance of appeal would establish in the petition what the issues were that the Supreme Court found. Mr. Archer, let me go ask you the same question I asked Ms. Harris. Did this, did any Pennsylvania court ever say that this motion or pleading, it's called a pleading, so we don't, okay, did anybody say this was untimely? The petition filed by the defendant in this case? Did anybody say the particular motion that was filed on December 2nd was untimely? No, it was not untimely because it fell within the 30-day time period for him to file it. Okay. The problem is... Isn't the problem here the fact that he did get an answer, he did get a response. The response came in April, whatever date in April, it came in April and in a perfunctory or per curiam answer, the Pennsylvania Supreme Court said motion denied. Isn't that the response? That's correct, Your Honor. So basically until April, what was it, 11th? That's correct, April 27th, 2010. Until April 27th, the year in question, the Supreme Court of Pennsylvania had not given him an answer as to whether or not he could have an extension of time to file a petition. That's correct. Okay. So going back to Judge Fuentes' question and really what the question is in this case, because the question in this case is how much time needs to be calculated. You have a year to file a petition for rid of habeas corpus from the end of the direct appeal and the question here is how much time is excludable. Why shouldn't that time from December 2nd to April 27th be for the petition for allowance of appeal as filed by the appellant in this case? In order for it to be a properly filed petition for allowance of appeal, the appellant must set forth the reasons why he believes the Pennsylvania Supreme Court erred in this case and when in fact he didn't do that, all he did was file a motion requesting appointment of counsel and extension of time to file. That's not a petition for allowance of appeal. That's just a motion requesting I'll grant that, but there are two additional pieces of confusion here. One, the Supreme Court docketed that motion as a petition for allowance of appeal and so noted to the Superior Court. That's correct because that's the way it was captioned. They also noted to Mr. Jenkins in the defective notice that he received that he needed to file provide an order for having the head counsel appointed. That's correct and that's because... They didn't say anything about your notice, your motion here is defective because you didn't say why the Superior Court was wrong. That's because of the way the motion was captioned in the Supreme Court. When the clerks received the motion, they read on a petition for allowance of appeal non-proton. When you flip open the book and determine how much it costs, they send a defective notice. Once they received it actually read it and noticed it wasn't a petition for allowance of appeal, the docket changed. And you don't think those facts are extraordinary? No, absolutely not because the Pennsylvania Rules of Appellate Procedure specifically indicate, and these rules would have been available to the petitioner before he filed his petition for allowance of appeal, that Pennsylvania law explicitly prohibits the extension of these time periods. That being... Wait a second, Judge Greenberg you mentioned that the... That has been relaxed quite a bit by the Pennsylvania Supreme Court. So you're talking about non-proton. I'm sorry, I didn't hear your question. You're talking about the non-proton, that is... That's correct, yes. ...granting an extension even despite what the rule says. Yes. But you see, my research is the same as Judge Greenberg. There are Pennsylvania cases that nevertheless allowed petitions non-proton. You haven't come upon any? In all the petitions for non-proton that I filed, they all have been denied. Well, that... Maybe we could cut you in on it. Let me ask you this. Suppose he filed what you would consider a proper petition on the merits on December 2nd. Mm-hmm. Instead of what he did file, and he laid out, you know, why it should be reversed and all that. Then he's on time, isn't he? I would have to agree with that, Your Honor, yes. If the defendant had filed a properly filed petition for allowance of appeal where the Pennsylvania Supreme Court could address the merits of the issues raised, he would be on time because he filed it within the time period. The problem here is he didn't file a petition for allowance of appeal. He filed a motion for appointment of counsel, and in the post-conviction proceeding, a defendant is not entitled to the lawyer. And for extension of time. Appointment of counsel and for extension of time. Yes. Okay. You know, I think the responses that he got from the Supreme Court were sufficiently confusing so as to amount to extraordinary circumstances. No. Because the defendant is aware that he is not entitled to a lawyer in a post-conviction proceeding. Not constitutionally. He had one, and the Pennsylvania Supreme Court... He was asking for one, and he was waiting for a response. Yes, he was asking for one. He was waiting for a response to the question he asked, can I have a lawyer? The court said no. The Pennsylvania Supreme Court also agreed that the issues raised in his brief to the Supreme Court were frivolous. That's why they granted the motion for counsel withdrawal and affirmed the PCRA court's denial of relief. The defendant, in this case, did not file a petition for allowance of appeal. And that's what it comes down to. If it comes down to this court finding that the defendant filed a petition for allowance of appeal, then that motion that he filed would be on time. If this court did not properly file a petition for allowance of appeal, then he's barred statutorily and he's not entitled to equitable tolling of his claimant. The Supreme Court denied the motion. That's correct. Is there any any way of determining whether it was on the merits of the case or whether it was for some other basis? Your Honor, I do not believe so because the Supreme Court did not issue an opinion with the denial. It just issued on this day the defendant's petition for allowance of appeal, non pro tonque, is denied. Is it inconceivable to believe that it was on the merits? It's not inconceivable to believe that at all. Well then, isn't that the time that the appeal was decided? Technically, it could be, yes. But that's not the question. If it technically could be, that means that technically he could have filed an appeal on time. No, because what he filed was a request for appointment of counsel and extension of time. PCRAs are governed by the criminal appellate rules? If it's on appeal, yes. Okay. Is there any provision in those rules in Pennsylvania to get an extension of time? If you're referring to filing a PCRA petition itself? No, an appeal from a denial. Is there any provision to get an extension of time? No, because that's governed by the Pennsylvania Rules of Appellate Procedure. So there's no provision under the Pennsylvania Rules of Appellate Procedure to get an extension of time? No. You can't petition the Superior Court or the PCRA court for an extension of time if you need one? Not to file a notice of appeal. A notice of appeal must be filed within 30 days a decision is made. And that's statutory? That's correct, Your Honor. And the Supreme Court has upheld that? Yes, it has. But they have granted no pro tonque appeals in numerous cases, have they not? I haven't come across any, but I have to also state that I haven't looked for any as well. If I can address the equitable tolling, Your Honors, the court has made it clear there's two points in which the defendant must show in order for him to be entitled to equitable tolling. Those two issues are, one, that the petitioner has been pursuing his right diligently, and secondly, that there are some extraordinary circumstances that stood in his way and prevented him from filing. I believe we've already discussed the issue with respect to the Supreme Court, but I also wanted to discuss the issues that were been abandoned because the Pennsylvania Superior Court had granted Defense Counsel's motion to withdraw and then affirmed the PCRA Court's denial of PCRA relief. With respect to the cases cited, and that would be Holland v. Florida and Nara v. Frank, the Commonwealth would state for the record, Your Honor, that the petitioner in this particular case is not in the same set of In those two cases, it was very clear that the defendant's attorneys had abandoned them. There were numerous letters that were written to counsel asking counsel to act one way or another. There were letters written to the state Supreme Court's requesting information on their cases. There were years upon years that had gone past before counsel had even acknowledged that their client's federal habeas petition had expired or the time period for which they could file a state Supreme Court petition had expired. In this case, the Pennsylvania Superior Court, after it received the no merit letter, or classically termed the Turner-Finley letter that was filed by Defense Counsel, they agreed that there was no issues that had any arguable merit that were raised on appeal, and and affirmed the PCRA court's denial of relief. That instance, in and of itself, is not abandonment because the Superior Court granting the motion for withdrawal was an act of law. In those other two cases, those attorneys just simply forgot that their client existed and did nothing. Here, Defense Counsel actually reviewed the record, reviewed the issues that the defendant wanted to raise on appeal, and determined there was no merit to these issues. And as a result, and according to Commonwealth v. Turner and Commonwealth v. Finley, wrote the appropriate motion, submitted it with an outline or description of why he felt the claims were meritless, and a copy of that to his client in the Pennsylvania Superior Court after reading the Turner-Finley letter, and the merit, I mean, excuse me, the record, they also determined that there was no merit to the issues raised on appeal. Therefore, they granted counsel's motion to withdraw. Therefore, there is no abandonment in this case, and the defendant would not be entitled to equitable I don't have much in the way to say in the way of rebuttal, but there seemed to be, when you were speaking to Mr. Ramsour, a clarification of a question maybe I misunderstood on my direct argument. There are certainly numerous, numerous cases in Pennsylvania where appeals have been I think the issue here probably is, and the Court certainly understands this, whether they can give an extension of time. Mr. Ramsour says that they cannot, under any circumstances. Judge Greenberg, at least, has researched things better than I, and has found cases, as I understand it, that say that they can do that. And I would agree that there are probably circumstances where they have done that. That's the nature of courts generally, in my experience, is that sometimes they will give extensions of time and do things, whether the rule says they can or cannot. And since the Pennsylvania Supreme Court can do that, and apparently has done that at points in the past, I think that Mr. Jenkins, there is an argument that statutorily he's within the time limit, because that motion held that place for him until the Pennsylvania Supreme Court, for whatever reason, reasons they didn't give in their order, said that they were denying that order. And within the time after that, he filed his habeas corpus petition, and it was timely. Thank you, Ms. Harris. And thank you also, Mr. Ramsour, for your excellent argument.